# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **KNOX ENERGY, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00046 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **GASCO DRILLING, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*J. Scott Sexton, H. David Gibson, and Michael J. Finney, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Plaintiff and Counterclaim Defendants; Thomas R. Scott, Jr., and Benjamin A. Street, Street Law Firm, LLP, Grundy, Virginia, and C.R. Bolling, Bolling, Hearl & Ratliff, Richlands, Virginia, for Defendant and Counterclaim Plaintiff.*

Knox Energy, LLC, and Consol Energy, Inc. (collectively referred to as "Knox"), the counterclaim defendants in this diversity civil case, have filed a Motion for Judgment on the Pleadings to the Counterclaim of Gasco Drilling, Inc. ("Gasco"). The motion has been fully briefed and is ripe for decision. For the reasons stated, it will be denied.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

I

For the purposes of the present motion, I will accept the facts pleaded in the Counterclaim.

Knox and Gasco entered into a written agreement in 2008 by which Gasco provided drilling services to Knox (the "Drilling Contract"). Pursuant to the Drilling Contract, Gasco was engaged to drill horizontal wells for Knox at various undefined locations beginning July 7, 2008, at a prescribed rate per day for each drilling rig. The agreement also included a "standby time rate," providing for payment to Gasco of $10,800 per day when a drilling rig was shut down and awaiting orders from Knox.

The term of the Drilling Contract was stated to be until "drilling operations are completed . . . , or for a term of 2 years." (Countercl. Ex. A § 6.1, ECF No. 22-1.) Knox contends that the Drilling Contract terminated on July 24, 2010. On June 6, 2011, Knox sent Gasco a document (the "Addendum") which stated as follows:

**Addendum to Contract Purchase Order**

This addendum to contract purchase order ("addendum") is entered into effective this __ day of _____, 20__, by and between Consol Energy, Inc. and its affiliates ("company") and _____ ("contractor").

Whereas, company and contractor are parties to a contract purchase order (PO No. _____) (the "contract purchase order"); and

Whereas, company and contractor agree to modify the "term" provision of the contract purchase order as provided herein.

Therefore, intending to be legally bound, company and contractor agree as follows.

1. Company and contractor agree to modify the "term" provision of the contract purchase order to read as follows:

    **Term:**

    Subject to company's right to cancel this contract purchase order as set forth below, the term of this agreement shall be for one year from the date set forth above and shall be automatically extended for one year terms unless either party gives written notice to the other party of the termination of the agreement at least thirty (30) days before the end of the current one year term.

2. Except for the modification of the "term" provision as set forth in paragraph 1 of this addendum, all other provisions of the contract purchase order shall remain in full force and effect.

In witness whereof, the parties have caused their duly authorized representatives to execute this agreement intending it to be effective on the effective date.

(Countercl. Ex. B, ECF No. 22-2.)[2]

Gasco executed the Addendum as requested, filling in the blanks, including a date of June 13, 2011 (*id.* at Ex. F, ECF No. 22-6), and returned it. In turn, it was executed and a fully executed copy sent to Gasco (*id.* at Ex. H, ECF No. 22-8).

---

[2] The Addendum recites that the contracting party was Consol Energy, Inc., rather than Knox Energy. It is alleged that Consol Energy, Inc., and Knox Energy are affiliated companies.

Knox did not give Gasco any further drilling assignments and in 2012 Gasco invoiced Knox for over $14 million for drilling rig standby charges. Knox then filed this action seeking a declaratory judgment that it has no liability to Gasco, on the ground that the Addendum was mistakenly sent to Gasco. In fact, it is asserted, the Addendum was a form meant for existing contracts with other parties and Gasco well knew of this mistake but remained silent in order to disadvantage Knox.

In response to Knox's suit, Gasco filed a Counterclaim seeking judgment for the standby charges, with interest. Gasco asserts that the Addendum created a new term for the Drilling Contract consisting of a one-year period from June 13, 2011, to June 12, 2012, with automatic yearly renewals, absent notice of termination. It alleges that it was ready and willing to provide drilling services during this extension and renewal period and in fact provided the required standby services to which it is entitled to be compensated. Gasco contends that there was no mutual mistake of fact that would permit Knox to escape its obligation under the Drilling Contract as extended by the Addendum.

In its present Motion for Judgment on the Pleadings, Knox takes a different tack and argues even aside from any mutual mistake of fact, no valid agreement could have existed, since the Addendum expressly provided that the term of the "this agreement" was measured from "the date set forth above" and since the

Addendum provided that its language was to modify the original term as set forth in the Drilling Contract, the "date set forth above" must be the date of the original Drilling Contract, and not the date of the Addendum. Under this theory, the language would have the effect of creating a contractual term that had already expired. Accordingly, Knox contends that the alleged contract could never have existed and is a nullity.

II

A Rule 12(c) motion for judgment on the pleadings is considered under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). The court accepts as true all well-pleaded facts and construes those facts in the light most favorable to the pleader. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon careful consideration of the parties' arguments and the record, I find that an ambiguity exists in the meaning of the Addendum that precludes judgment on the pleadings. The parties appear to agree that Virginia substantive law applies.³ Under Virginia law, "An ambiguity exists when the contract's language

---

³ In a diversity case, I must apply the conflict of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The Drilling Contract provided that the governing law would be "the state where work is performed"

is of doubtful import, is susceptible of being understood in more than one way or of having more than one meaning, or refers to two or more things at the same time." *Va. Electric & Power Co. v. Norfolk S. Ry.*, 683 S.E.2d 517, 526 (Va. 2009). The ambiguity here is "latent," that is, not self-evident from the writing itself, and thus the use of extrinsic evidence is permissible to determine the intent of the parties. *Galloway Corp. v. S.B. Ballard Constr. Co.*, 464 S.E.2d 349, 354-55 (Va. 1995).

The Addendum "may reasonably be interpreted in either of two ways." *Id.* at 355. It may have referred to a one-year renewable term beginning on the Addendum's effective date, June 13, 2011, as Gasco asserts. Alternatively, the Addendum may have referred to a one-year renewable term beginning on the drilling contract's effective date, July 7, 2008, as Knox asserts.

When resolving ambiguity in a contract, "the construction adopted should be reasonable, and absurd results are to be avoided." *Gov't Emps. Ins. Co. v. Moore*, 580 S.E.2d 823, 829 (Va. 2003) (quoting *Transit Cas. Co. v. Hartman's Inc.*, 239 S.E.2d 894, 896 (Va. 1978)). If the Addendum refers to a one-year renewable term beginning on July 7, 2008, the Addendum could have been intended for a contract that Knox asserts was already complete at the time of the Addendum's execution.

---

(Countercl. Ex. A § 18, ECF No. 22-1), although the work was to be performed in different states. Nevertheless, the parties have not raised any question as to the proper choice-of-law and I assume that it makes no difference as to the decision on the present motion.

The first one-year term would have expired well before the time when the Addendum was executed. Similarly, if the Addendum refers to a one-year renewable term beginning on June 13, 2011, then the Addendum, which does not contain material terms or standby rates, could have been intended to resurrect a contract that was potentially complete, or extend a contract based on terms and rates that were several years old.

At this point in the proceedings, without further facts, I cannot determine how this ambiguity should be resolved and whether it is an issue to be left to the ultimate trier of fact.

III

For the reasons stated, it is **ORDERED** that Knox's Motion for Judgment on the Pleadings (ECF No. 84) is DENIED.

ENTER: June 2, 2014

/s/ James P. Jones
United States District Judge