# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **KNOX ENERGY, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00046 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **GASCO DRILLING, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*J. Scott Sexton, H. David Gibson, and Michael J. Finney, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Plaintiff and Counterclaim Defendants; Thomas R. Scott, Jr., Benjamin A. Street, and Jason Gallagher, Street Law Firm, LLP, Grundy, Virginia, and C.R. Bolling, Bolling, Hearl & Ratliff, Richlands, Virginia, for Defendant and Counterclaim Plaintiff.*

Defendant and Counterclaim Plaintiff Gasco Drilling, Inc. ("Gasco") has objected to an order of the magistrate judge requiring Gasco to disclose in discovery the general subject matter of communications with Gasco's attorney at or near the time of certain material events in this breach of contract case. Gasco does not presently contest the relevancy of this information, but contends that the disclosure ordered would violate the attorney-client privilege under Virginia law and that the magistrate judge's ruling was thus clearly erroneous or contrary to law.

For the reasons that follow, I will deny Gasco's objections.

I.

The basic facts are uncontested.

In 2008 Gasco and the Crossclaim Defendants Knox Energy, LLC, and Consol Energy, Inc., ("Knox/Consol") entered into a written contract under which Gasco provided gas well drilling services for Knox/Consol. In 2011, well after the work under the 2008 contract had concluded, a clerk with Knox/Consol sent Gasco what is referred to as the Addendum, a one-page form document, which Gasco filled in, signed and returned. Knox/Consol in turn signed the Addendum and returned a copy to Gasco.

Gasco contends that the Addendum had the effect of reinstating the 2008 drilling contract for a one-year renewable term. Gasco was never asked by Knox/Consol to do any further drilling, but because the 2008 contract had a "standby" provision (also called a "take or pay" clause) that required Knox/Consol to pay substantial amounts to Gasco even if it did not perform drilling work, Gasco claims that Knox/Consol now owes it more than $14 million in standby charges.

Knox/Consol contends that the Addendum was sent to Gasco by mistake and that Gasco knew that and fraudulently hid the mistake from Knox/Consol in order to obtain an unjust windfall based upon the clerical error.

Knox/Consol does not seek the substance of any communications between Gasco and its lawyer, but rather an identification of any communications between

May 14, 2011, and August 16, 2012 — pertinent dates in the dispute — that concerned the Addendum.

The deposition questions were asked of Clyde B. Ratliff, Gasco's president, both individually and as the party's Rule 30(b)(6) witness, as well as Tony Roop, an in-house accountant with Gasco. Before any objection was made and the witness directed not to answer, Ratliff did testify that he had consulted with attorney Randy Bolling about the Addendum after Gasco had received it. (Ratliff Dep. 209-10, May 14, 2014, ECF No. 181-1.) He was also later allowed to testify that he had met with attorney Bolling three times between the dates in question, but he also stated, perhaps inconsistently, that he "communicate[s] regularly with Randy Bolling on business subjects and personal ones." (Ratliff Dep. 24, June 6, 2014, ECF No. 126-2.) At that time, Gasco's deposition counsel stated "for the record" that Gasco did not object to questions inquiring as to when Gasco met with counsel, what persons were in attendance, and a "general description of the purpose . . . [s]uch as that being Gasco business or seeking advice about Gasco business." (*Id.* at 25-26.)

After Gasco refused to allow its witness to fully answer the questions posed, Knox/Consol filed a Motion to Compel, which was heard by the magistrate judge. On July 9, 2014, Magistrate Judge Pamela Meade Sargent entered a Memorandum

Order granting the motion, to which Gasco has timely objected.[1] The objection by Gasco has been fully briefed and is ripe for decision.

## II.

A magistrate judge's ruling as to nondispositive matters may be reversed only upon a finding that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999) (internal quotation marks and citation omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Solutions, Inc. v. Fowler*, No. 1:09-CV-1392-GBL-TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (internal quotation marks and citation omitted).

State law governs an evidentiary privilege where, as here, the underlying claim or defense is governed by state law. *See* Fed. R. Evid. 501. The parties thus agree that Virginia law controls this privilege issue. Under Virginia law, confidential attorney-client communications are privileged from disclosure. *Walton*

---

[1] Judge Sargent directed that the Rule 30(b)(6) deposition be reconvened and the pertinent questions answered.

-4-

*v. Mid-Atl. Spine Specialists*, 694 S.E.2d 545, 549 (Va. 2010). "Nevertheless, the privilege is an exception to the general duty to disclose, is an obstacle to investigation of the truth, and should be strictly construed," *Commonwealth v. Edwards*, 370 S.E.2d 296, 301 (Va. 1988). Moreover, "[t]he proponent [of the privilege] has the burden to establish that . . . the communications under consideration are privileged . . . ." *Id.*

Where state law is unclear because the state's highest court "has spoken neither directly nor indirectly on the particular issue," this court may predict how the state court would rule by considering the decisions of other courts, among other things. *St. Paul Fire & Marine Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 365 F.3d 263, 272 (4th Cir. 2004) (internal quotation marks and citation omitted).

Gasco makes a half-hearted argument that Virginia forbids the disclosure of the subject matter of any communication under the privilege, but I find its reading of the Virginia authority to be faulty. While the Virginia cases describe the general rule to be that "confidential communications between an attorney and his client, made because of that relationship and concerning the subject-matter of the attorney's employment, are privileged from disclosure," *Grant v. Harris*, 82 S.E. 718, 719 (Va. 1914), that clearly means only that to be privileged, a communication must be (1) made because of the attorney-client relationship and

-5-

(2) concern the subject matter of the attorney's employment. It does not mean that the subject matter of the consultation is per se privileged.

The overwhelming authority from around the country is that the subject matter of an attorney-client communication is not privileged.[2] Indeed, numerous aspects of the attorney-client relationship are subject to disclosure. For example, the Fourth Circuit has stated that "[t]he identity of the client, the amount of the fee, the identification of payment by case name file, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client

---

[2] *See Sayre Enters., Inc. v. Allstate Ins. Co.*, No. CIV 506CV00036, 2006 WL 3613286, at *2 (W.D. Va. Dec. 11, 2006) (stating that the court previously had ordered Allstate to answer three requests for admission "intended to establish only the general purpose of work performed by Allstate's coverage counsel" as opposed to the "substance of any confidential attorney-client communication"); *Burke v. Messerli & Kramer, P.A.*, Civil No. 09-1630(ADM/AJB), 2010 WL 2520615, at *3 (D. Minn. June 15, 2010) ("[D]eposition questions that do not ask for the substance of communications, but instead ask whether discussion regarding various subjects were had . . . are not protected by attorney-client privilege."); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 693-94 (S.D. Fla. 2009) ("The undersigned concludes that the 'foundational' matters pertaining to the Wilson Email, such as those used by Humana in describing the email in its privilege log — the date, recipients, and the 'general nature' of the communication — are not protected by the attorney-client privilege."); *Gibbs v. City of New York*, No. CV-06-5112 (ILG)(VVP), 2008 WL 789838, at *2 (E.D.N.Y. Mar. 21, 2008) ("[T]he general subject matter of attorney-client communications is typically not privileged."); *In re Grand Jury Subpoena to Kan. City Bd. of Pub. Utils.*, 246 F.R.D. 673, 679 (D. Kan. 2007) ("[A] general description of the work performed by the attorney is not protected by the privilege. . . . Further, the subject matter of meetings with an attorney . . . are also not protected by the privilege."); *DiPalma v. Med. Mavin, Ltd.*, CIV. A. 95-8094, 1998 WL 123009, at *2 (E.D. Pa. Feb. 10, 1998) (holding that "[t]he general nature of the privileged matter . . . remain[s] discoverable even when the communication itself is protected.").

privilege . . . because such information ordinarily reveals no confidential professional communications between attorney and client." *United States v. Under Seal* (*In re Grand Jury Subpoena*), 204 F.3d 516, 520 (4th Cir. 2000) (hereinafter *Under Seal 2000*) (internal quotation marks and citation omitted). Judge Sargent relied on this holding in her decision granting the Motion to Compel. She reasoned:

> The questions put to Ratliff ask whether he consulted with counsel "about" the addendum or the counterclaim. To answer the questions, Ratliff would not be required to reveal any information he conveyed to his counsel. Nor would he be required to reveal any information or advice he received from his counsel. Therefore, I find that these questions seek only the general purpose of the consultations with counsel. I further hold that, since Virginia law protects as privileged only "communications" with counsel, that it would not protect from disclosure the general subject matter of the consultations.

(Mem. Order 3-4.)

Gasco contends that *Under Seal 2000* sets forth "a well recognized exception to the general rule when disclosure would reveal a litigant's motivation in seeking representation." (Mem. Supp. Obj. 18.) Presumably Gasco is arguing that this exception includes revealing the purpose of the legal work. However, *Under Seal 2000* focused on whether to reveal the identity of a client, not the purpose of the work. Additionally, *Under Seal 2000* included a lengthy discussion of why the privilege should be narrowly construed. The court noted,

> Although other circuits have, at times, indicated a willingness to protect a client's identity or fee information because disclosure would

-7-

either implicate the client in the very criminal activity for which legal advice was sought, or supply the "last link" in an existing chain of incriminating evidence likely to lead to the client's indictment, we have rejected those exceptions.

*Id.* at 520-21 (quotation marks and citation omitted). *Under Seal 2000* continues a line of Fourth Circuit cases holding that attorney-client privilege should be narrowly construed, and does not support Gasco's argument.

Finally, Gasco relies on *United States v. Under Seal* (*In re Grand Jury Subpoena*), 341 F.3d 331 (4th Cir. 2003) (hereinafter *Under Seal 2003*). There a defendant told the FBI that he had falsely answered an immigration form on the advice of an attorney. The attorney was then asked before a grand jury if the defendant had consulted with him "on questions involving the filling out of the [form]." *Id*. at 334. While the court noted that the "general purpose of the work performed is usually not protected," *id.* at 335 (internal quotation marks, citation, and alteration omitted), it held that this question fell within the privilege because "it seeks disclosure of the specific nature of the legal advice sought," *id.* The court stated that a question specifying a general purpose, "for example, providing advice regarding an immigration matter," would have been permissible. *Id.*

Unlike *Under Seal 2003*, where an individual was involved, here Gasco, a business entity, can only communicate with its attorney about "its business." To answer that it discussed its business with its lawyer is no disclosure at all. More

importantly, unlike *Under Seal 2003*, to answer the questions here would not disclose the specific nature of the advice sought.

In addition, as noted above, Gasco, through its president, Mr. Ratliff, disclosed prior to any objection that it had consulted with attorney Bolling about the Addendum after it had been received. While this may not constitute a waiver of the privilege, it certainly lessens the concern that any substantive communication will be revealed by requiring Gasco to answer the questions posed.

III.

For the reasons stated, I find that the magistrate judge's ruling was not clearly erroneous or contrary to law, the objections are overruled, and the magistrate judge's Memorandum Order is AFFIRMED.

It is so **ORDERED**.

ENTER: August 14, 2014

/s/ James P. Jones
United States District Judge