# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **KNOX ENERGY, LLC,** | ) | |
| Plaintiff, | ) ) ) | Case No. 1:12CV00046 |
| v. | ) ) | **OPINION AND ORDER** |
| **GASCO DRILLING, INC.,** | ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) | |

*J. Scott Sexton, H. David Gibson, and Michael J. Finney, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Plaintiff and Counterclaim Defendants; Thomas R. Scott, Jr., Benjamin A. Street, and Jason Gallagher, Street Law Firm, LLP, Grundy, Virginia, and C.R. Bolling, Bolling, Hearl & Ratliff, Richlands, Virginia, for Defendant and Counterclaim Plaintiff.*

In 2008 Crossclaim Plaintiff Gasco Drilling, Inc., ("Gasco") and the Crossclaim Defendants Knox Energy, LLC, and Consol Energy, Inc., ("Knox/Consol") entered into a written contract called the Daywork Drilling Contract, under which Gasco provided gas well drilling services for Knox/Consol. In 2011, after the work under the 2008 contract had concluded, a clerk with Knox/Consol sent Gasco what is referred to as the Addendum, a one-page form document, which Gasco filled in, signed and returned. Knox/Consol in turn signed the Addendum and returned a copy to Gasco.

Gasco contends that the Addendum had the effect of reinstating the 2008 drilling contract for a one-year renewable term. Gasco was never asked by Knox/Consol to do any further drilling, but because the 2008 contract had a "standby" provision — also called a "take or pay" clause — that required Knox/Consol to pay substantial amounts to Gasco even if it did not perform drilling work, Gasco claims that Knox/Consol now owes it more than $14 million in standby charges.

Knox/Consol contends that the Addendum was sent to Gasco by mistake and that Gasco knew that and fraudulently hid the mistake from Knox/Consol in order to obtain an unjust windfall based upon the clerical error.

Knox/Consol has moved for partial summary judgment as to the amount of damages claimed by Gasco. In 2010, before the Addendum, the 2008 Daywork Drilling Contract was amended to release one of the two drilling rigs contemplated by the parties. Because Gasco calculates its damages on two drilling rigs, Knox/Consol argues that even were a jury to find that the Addendum did reinstate the 2008 Daywork Drilling Contract and Knox/Consol was thus liable for standby charges, Gasco should not recover such charges for more than one drilling rig.

I agree with Knox/Consol. If Gasco wishes the contract to be reinstated, it must take the bad with the good, that is, the entire contract and not just the portion of it that is favorable to Gasco. Gasco points out that when it asked Knox/Consol

for a copy of the Daywork Drilling Contract before it signed the Addendum, it did not receive a copy of the 2010 amendment, but there is no proof that Knox/Consol indicated by this omission that it intended to forego any provision of the total contractual relationship. Gasco has the burden of proving the contract sued upon, and I find that it is unable to prove that the contract does not contain the admitted amendment limiting it to one drilling rig.

Accordingly, I will limit Gasco's recovery, if any, to the standby charge for one drilling rig.[1]

It is so **ORDERED**.

ENTER: September 4, 2014

/s/ James P. Jones
United States District Judge

---

[1] The parties also apparently amended the 2008 Daywork Drilling Contract in 2009 to reduce the take-or-pay standby rate, but Knox/Consol has not at this point sought to limit Gasco's damages on that account.