IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **KNOX ENERGY, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00046 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **GASCO DRILLING, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*J. Scott Sexton, H. David Gibson, and Michael J. Finney, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Plaintiff and Counterclaim Defendants; Thomas R. Scott, Jr., Benjamin A. Street, and Jason D. Gallagher, Street Law Firm, LLP, Grundy, Virginia, for Defendant and Counterclaim Plaintiff.*

In this action alleging breach of contract, the parties have each filed motions in limine. At the conclusion of the September 9, 2014, pretrial conference, the court entered an oral ruling on the parties' motions, including denying the motion of the Defendant and Counterclaim Plaintiff Gasco Drilling, Inc. ("Gasco") in its entirety. The court also denied in part the motion in limine of the Plaintiffs and Crossclaim Defendants Knox Energy, LLC and Consol Energy, Inc. ("Knox/Consol") as moot and reserved ruling regarding its remaining components pending agreement of the parties. This opinion amplifies my oral ruling regarding Gasco's request that the court exclude "[e]vidence, argument or suggestion at trial

concerning communications with an attorney regarding the contract at issue in this case."  (Def.'s Omnibus Mot. Limine 2, ECF No. 241.)

For the reasons that follow, the court will not exclude prior to trial evidence regarding the general subject matter or timing of communications between Gasco and its attorney at or near the time of certain material events in this breach of contract case.

The basic facts of this case are uncontested and have been detailed in an earlier opinion of this court affirming the magistrate judge's order compelling Gasco to disclose in discovery the general subject matter of attorney-client communications related to this contract dispute.  *See Knox Energy, LLC v. Gasco Drilling, Inc.*, No. 1:12CV00046, 2014 WL 4052806 (W.D. Va. Aug. 14, 2014). Because I write primarily for the parties, I do not restate the facts here.  The parties have fully briefed and orally argued their motions in limine.

Through discovery, Knox/Consol obtained generic information regarding communications between Gasco and its attorney regarding the 2011 Addendum contract at issue in this proceeding ("2011 Addendum").  Knox/Consol filed a two-page summary of this information in conjunction with its brief in opposition to Gasco's motion in limine.  In the summary, Knox/Consol lists fourteen communications related to the 2011 Addendum and provides the communication date, the form of communication (i.e., personal meeting, e-mail, or telephone

conference), and the participants. The filed summary represents the limit to which Knox/Consol will seek to develop testimony and evidence regarding communications between Gasco and its attorney.

Pursuant to its brief and statements made during the pre-trial conference, Knox/Consol may seek to use the summary of attorney communications to address anticipated testimony by Gasco that it viewed the 2011 Addendum as an ordinary contracting event between the parties. Based on deposition testimony, however, Knox/Consol believes that Gasco did not view the 2011 Addendum as a normal event. For example, Gasco's president, Clyde B. Ratliff, testified during deposition that he did not consult third-parties regarding the execution of standard contracts. In contrast, Gasco communicated numerous times with legal counsel regarding the 2011 Addendum between June 13, 2011, and August 16, 2012. Knox/Consol asserts that this atypical behavior is probative regarding Gasco's state of mind regarding the execution and performance of the 2011 Addendum.

Gasco, in turn, has maintained throughout this proceeding that the communications information sought by Knox/Consol is protected by attorney-client privilege. Furthermore, Gasco argues that the information obtained by Knox/Consol through discovery is only relevant for purposes of drawing a negative inference regarding the substance of the communications between Gasco and its

attorney. Gasco asserts that this purpose is improper and constitutes unfair prejudice pursuant to Rule 403 of the Federal Rules of Evidence.

In support of its argument, Gasco relies on two opinions: *Parker v. Prudential Insurance Co. of America*, 900 F.2d 772 (4th Cir. 1990) and *Sharer v. Tandberg, Inc.*, No. 1:06cv626, 2007 WL 983849 (E.D. Va. Mar. 27, 2007). In *Parker*, the beneficiary of a life insurance policy filed a civil action against the insurer for payment of benefits under the policy. 900 F.2d at 774. Prior to litigation, the beneficiary obtained counsel who engaged in discussions with the insurer and requested a check for a refund of the premiums paid under the policy. *Id.* After receipt, the beneficiary deposited the premium refund check, which was not accompanied by any indication that payment was made in satisfaction of all claims. *Id.* After obtaining new counsel, the beneficiary submitted a check to the insurer to return the premium refund and assert a claim to policy benefits. *Id.*

At trial in *Parker*, the beneficiary's initial counsel testified regarding his actions, but attorney-client privilege prohibited any testimony regarding the substance of his advice to the beneficiary regarding the acceptance of the premium refund check. *Id.* The trial court entered a directed verdict in favor of the insurer, holding that accord and satisfaction had been established as a matter of law. *Id.*

On appeal in *Parker*, the Fourth Circuit concluded that "the trial court impermissibly used testimony from [the beneficiary's attorney] to draw an

-4-

Case 1:12-cv-00046-JPJ-PMS   Document 258   Filed 09/12/14   Page 4 of 7   Pageid#: 4249

inference about the substance of her conversations with him." *Id.* at 775. The Fourth Circuit noted that the attorney's testimony related to the beneficiary's state of mind at the time of depositing the premium refund check, but was only probative in this context "if one infers that the attorney told her acceptance of the check either *would or would not* waive further claims for the policy benefits." *Id.* (emphasis added).

The Fourth Circuit concluded that the trial court improperly subjected the beneficiary to a negative inference regarding the substance of the information sought from her attorney following an assertion of attorney-client privilege. *Id.* More specifically, the trial court adopted a "negative inference" in spite of the fact that the issuance and deposit of the premium refund check could have also allowed for an inference that the attorney counseled the beneficiary that deposit would not prohibit a continued claim for policy benefits. *Id.* at 775 n.2. In this context, the Fourth Circuit found it improper for the trial court to derive a negative inference merely from the assertion of attorney-client privilege.

The holding in *Parker* was subsequently applied in *Sharer*. 2007 WL 983849, at *2. During the deposition of a plaintiff in *Sharer*, counsel questioned the plaintiff regarding emails exchanged between the parties and whether they were the plaintiff's idea or if someone had asked him to write the emails. *Id.* at *1. In response, the plaintiff asserted attorney-client privilege. *Id.* Concerned that the

-5-

Case 1:12-cv-00046-JPJ-PMS   Document 258   Filed 09/12/14   Page 5 of 7   Pageid#: 4250

defendant would seek to raise an inference that the plaintiff consulted with counsel regarding the emails, the plaintiffs moved to exclude any negative inferences associated with the assertion of attorney-client privilege. *Id.*

The *Sharer* court acknowledged that attorney-client privilege only protects the communications themselves and not the underlying facts or the mere occurrence of a consultation. *Id.* In applying *Parker*, however, the *Sharer* court concluded that reference to an attorney consultation under the circumstances was "*only* relevant to the extent that an inference may be drawn as to the substance of legal communications between attorney and client." *Id.* at *2 (emphasis added). Therefore, the *Sharer* court prohibited reference to the "fact of legal consultation" because of the risk of prejudice under Rule 403 of the Federal Rules of Evidence. *Id.*

I find both *Parker* and *Sharer* distinguishable and conclude that the exclusion of the proposed evidence is not required. Unlike *Parker*, this is not a case in which a negative inference against Gasco would result from the assertion of the privilege. Similarly, this case is unlike *Sharer* in that the limited information described by Knox/Consol in its summary of attorney communications does not currently risk a viable assertion of attorney-client privilege at trial.

Pursuant to Knox/Consol's filings and representations to this court, the evidence Knox/Consol may seek to introduce is limited to generic facts about the

attorney communications, not the substance of the communications themselves. For example, Knox/Consol has limited its description of the subject matter of Gasco's attorney communications to the "Addendum" in its filed summary. (Pl.'s Br. Opp'n Def.'s Mot. Limine Ex. 3, ECF No. 248-3.) A generic reference to the 2011 Addendum as the subject matter of the attorney communications is not privileged. *See Knox Energy*, 2014 WL 4052806, at *3 (noting that the subject matter of an attorney-client communications is not privileged). Similarly, the remaining information proposed by Knox/Consol is generic, including the date of communications, the individuals involved, and the form of communication used. The information contained in Knox/Consol's summary is factual and is not protected by attorney-client privilege. Moreover, this information is highly relevant to ascertaining Gasco's state of mind, particularly with regard to the issue of mutual assent and other factually related issues.

I will, however, caution Knox/Consol regarding the risk of exceeding the boundaries of the permitted evidence regarding attorney-client communications in this case. To the extent that any evidence expands beyond Gasco's state of mind into prohibited areas concerning the substance of confidential communications or to elicit impermissible inferences, it will be excluded.

DATED: September 12, 2014

/s/ James P. Jones
United States District Judge