# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **KNOX ENERGY, LLC,** | )<br>) |
| Plaintiff, | ) Case No. 1:12CV00046<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **GASCO DRILLING, INC.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*J. Scott Sexton, H. David Gibson, and Michael J. Finney, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Plaintiff and Counterclaim Defendants; Thomas R. Scott, Jr., Benjamin A. Street, and Jason Gallagher, Street Law Firm, LLP, Grundy, Virginia, for Defendant and Counterclaim Plaintiff.*

The business day before trial, one of the parties, Gasco Drilling, Inc. ("Gasco"), has orally moved the court to certify an interlocutory appeal of its pretrial orders on plaintiff's motions in limine. The motion has been argued and is denied.

Section 1292(b) provides that a district court may certify an order for an interlocutory appeal if (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion on the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). Such certifications are the exception and not the rule. *Terry v. June*, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005). Only "exceptional

circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted).

Gasco justifies an exception to the rule because it concludes that this court's pretrial rulings would required it to introduce evidence that it would not have presented had the court ruled differently. Under those circumstances, it fears that it may waive its objection to those rulings, in accord with *Ohler v. United States*, 529 U.S. 753, 758 (2000) (holding that criminal defendant who preemptively introduced evidence of her own prior conviction waived the right to appeal the trial court's pretrial decision to admit the evidence).

Even assuming that *Ohler* applies in this case, I do find that any of the factors of § 1292(b) justify certification. In particular, I do not find that an appeal now would materially advance the ultimate conclusion of the litigation. This case has been pending for a lengthy period and it needs to be resolved. While Gasco may have difficult litigation decisions, that is not unusual and "there is nothing 'unfair'. . . about putting [Gasco] to [its] choice in accordance with the normal rules of trial." *Ohler*, 529 U.S. at 759.

It is so **ORDERED**.

ENTER: September 15, 2014

/s/ James P. Jones
United States District Judge