# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **KNOX ENERGY, LLC,** | )<br>) |
| Plaintiff, | ) Case No. 1:12CV00046<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **GASCO DRILLING, INC.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*J. Scott Sexton, H. David Gibson, Michael J. Finney, Abigail E. Murchison, and Scott A. Stephenson, Gentry Locke, Roanoke, Virginia, for Plaintiff and Counterclaim Defendants; Thomas R. Scott, Jr., Benjamin A. Street, and Jason D. Gallagher, Street Law Firm, LLP, Grundy, Virginia, for Defendant and Counterclaim Plaintiff.*

In advance of trial, after briefing and oral argument, I determine motions in limine and a motion for summary judgment in this Virginia breach of contract action based upon the court's diversity jurisdiction.

The case has been tried before, and on that occasion I granted judgment as a matter of law pursuant to Rule 50(a) in favor of Knox Energy, LLC, and Consol Energy, Inc. (collectively, "Consol"), the plaintiff and counterclaim defendants. *Knox Energy, LLC v. Gasco Drilling, Inc.*, 54 F. Supp. 3d 489, 501 (W.D. Va. 2014) (holding that no reasonable jury could find that there was mutual assent to the alleged contract). On appeal by defendant and counterclaimant Gasco Drilling,

Inc. ("Gasco"), the court of appeals reversed, finding that, "[g]iven this mix in the evidence . . . without weighing the evidence or making credibility determinations," the issue of mutual assent to the alleged contract was a matter for the jury. *Knox Energy, LLC v. Gasco Drilling, Inc.*, 637 F. App'x 735, 739 (4th Cir. 2016) (unpublished).

In its opinion, the court of appeals recited the basic facts as follows:

> In 2008, Consol, a natural gas producer, and Gasco, a drilling company, entered into a drilling agreement that lasted for two years, or until Gasco completed its work. Under the contract, Consol agreed to pay a "standby" rate of $10,800 per day, per drilling rig, for time when Gasco was on site but not actively drilling. While drilling, Gasco received an even higher fee. Additionally, the 2008 agreement contained a special "take-or-pay" provision, which guaranteed that Gasco would make two rigs available for Consol whenever it requested work. Whether or not Gasco was on site, it provided that Consol would pay the standby rate for 328 days of each twelve-month period. In May 2010, the parties amended the agreement to release one of the rigs from the contract. The remaining rig completed its work, and the contract terminated, in July 2010.
>
> The essential dispute in this case is whether Gasco and Consol reinstated that 2008 contract in 2011. On June 6, 2011, Consol emailed Gasco a document titled "Addendum to Contract Purchase Order." Clyde Ratliff, Gasco's CEO, signed the Addendum and returned it on June 14, 2011. Consol returned the countersigned Addendum to Gasco on July 29, 2011. The Addendum stated that Gasco and Consol "agree to modify the 'term' provision of the contract purchase order to read as follows:" that the new "term of this agreement shall be for one year from the date set forth above and shall be automatically extended for one year terms unless either party gives written notice" of termination at least thirty days before renewal. The Addendum was "effective" on June 13, 2011. The "contract purchase

-2-

Case 1:12-cv-00046-JPJ-PMS   Document 352   Filed 11/03/16   Page 2 of 16   Pageid#: 6837

order" referenced in the Addendum was the 2008 drilling agreement, "PO No. 5600000439."

. . . .

For a year after signing this Addendum, Consol did not ask Gasco to drill, and neither party communicated about the Addendum. Then, in June 2012, Gasco sent Consol a $7,084,800 bill for 328 days of take-or-pay standby charges. Contending that it had mistakenly signed the Addendum, Consol refused to pay. Additionally, Consol filed this diversity action for declaratory relief. In response, Gasco sent Consol a second $7,084,800 invoice as liquidated damages for early termination, and counter-sued for breach of contract.

*Id.* at 736-37. The court of appeals held that "[i]f Gasco knew or should have known that Consol made a mistake, we agree there was no mutual assent. But Gasco presented sufficient evidence that, if credited, a reasonable jury could have found in its favor." *Id.* at 738.

I.

MEANING OF "DATE SET FORTH ABOVE"
IN ADDENDUM.

The fully executed Addendum contains the following language:

**Addendum to Contract Purchase Order**

This Addendum to contract purchase order ("Addendum") is entered into effective this 13th day of June, 2011, by and between Consol Energy, Inc. and its affiliates ("Company") and Gasco Drilling, Inc. ("Contractor").

Whereas, Company and Contractor are parties to a contract purchase order (PO No. 5600000439) (the "Contract Purchase Order"); and

-3-

>    Whereas, Company and Contractor agree to modify the "Term" provision of the Contract Purchase Order as provided herein.
>
>    Therefore, intending to be legally bound, Company and Contractor agree as follows.
>
>    1. Company and Contractor agree to modify the "Term" provision of the Contract Purchase Order to read as follows:
>
>    **Term:**
>
>    Subject to Company's right to cancel this contract purchase order as set forth below, the term of this agreement shall be for one year from the date set forth above and shall be automatically extended for one year terms unless either party gives written notice to the other party of the termination of the agreement at least thirty (30) days before the end of the current one year term.
>
>    2. Except for the modification of the "Term" provision as set forth in paragraph 1 of this Addendum, all other provisions of the Contract Purchase Order shall remain in full force and effect.
>
>    In witness whereof, the parties have caused their duly authorized representatives to execute this agreement intending it to be effective on the effective date.

(Countercl. Pl.'s Trial Ex. 11(b), ECF No. 264-25.)

Consol's Motion for Summary Judgment and Gasco's Second Motion in Limine both involve the meaning of the words "one year from the date set forth above" in the Addendum. Consol contends that this language means that Gasco's purported contract is impossible of performance, and thus unenforceable, because

-4-

it would extend a "term entirely in the past." (Mem. Supp. Mot. Summ. J. 15, ECF No. 331.) In its motion, Gasco calls this a "hyper-technical legal interpretation" and argues that there is no evidence that either party intended such a result. (Mem. Supp. Second Mot. Limine 2, ECF No. 326.) It requests the court to bar Consol from making any argument to the jury in support of what it calls this "cut-and-paste" theory. (*Id.*)

I determined prior to the first trial, in response to Consol's Motion for Judgment on the Pleadings to the Counterclaim of Gasco, that the language of the Addendum was ambiguous as to whether it reinstated the 2008 Drilling Contract as of June 13, 2011, the effective date of the Addendum, or provided for a one-year renewable term as of July 7, 2008, the effective date of the 2008 Drilling Contract. *Knox Energy, LLC v. Gasco Drilling, Inc.*, No. 1:12CV00046, 2014 WL 2468434, at *3 (W.D. Va. June 2, 2014). I held, however, that this ambiguity was latent and thus permitted the use of extrinsic evidence to determine the parties' intent. (*Id.*)

At trial, the parties presented extensive extrinsic evidence regarding the events that preceded and followed the execution of the Addendum, including communications and documents that accompanied the Addendum. Consol argues that this extrinsic evidence supports a determination that its interpretation of the "date set forth above" language is the correct one as a matter of law, thus justifying summary judgment in its favor.

The extrinsic evidence relied upon by Consol includes that, on June 6, 2011, Gasco received two documents from Consol. The first document was received by mail and was entitled "Terms & Conditions Agreement Policy (Contractors)" ("T&C Policy"). (Countercl. Pl.'s Trial Ex. 30, ECF No. 264-26.) The second document was received as an email attachment and was the unexecuted and incomplete Addendum form, which lacked an effective date, contractor name, and purchase number.

The June 6, 2011, email containing the uncompleted Addendum also contained the following statement in the body of the email:

> Attached is a [sic] Addendum to your current Contract Purchase Order No. 5600000439. The purpose of the Addendum is to revise the Term of the Contract Purchase Order to have it extend automatically from year to year unless either party gives the other party notice of intent not to extend at least thirty days before the end of the current one year term.
>
> Also because of changes in our SAP system we have to renumber our existing contracts. Please be advised that the number of your contract has been changed from 4600000856 to 5600000439
>
> Please sign and return the attached addendums [sic] via email within 2 business days.

(Countercl. Pl.'s Trial Ex. 3, ECF No. 264-7.)

In response, Gasco's clerical assistant Freda Rasnake replied to Consol's email the same day and requested a copy of contract numbered "4600000856." (Countercl. Pl.'s Trial Ex. 4, ECF No. 264-8.) An identical request was resent by

-6-

Rasnake on June 8, 2011. That day, Consol emailed Gasco a copy of the 2008 Drilling Contract. Also attached to Consol's June 8, 2011, email was a second copy of the unexecuted and incomplete Addendum form and a document entitled "Agreement to Engage in Electronic Commerce." (Countercl. Pl.'s Trial Ex. 7(d), ECF No. 264-16.)

At the time these communications were exchanged, CEO Ratliff was away and did not review the documents until he returned to his office. On June 13, 2011, Ratliff met with Gasco's attorney, Randy Bolling, regarding the Addendum. On June 14, 2011, at Ratliff's direction, Rasnake filled in the blanks for the effective date, contractor's name, and contract number, and emailed Consol the completed and signed Addendum and Electronic Commerce Agreement. The documents were executed by Ratliff in his capacity as Gasco's president. In the body of the accompanying email, Rasnake stated:

> Sorry this has taken a few days to return, Mr. Ratliff has been out of town. You will find attached the signed Addendum to Contract Purchase Order #5600000439 and the Agreement to Engage in Electronic Commerce. Can you please forward your signed copies for our files. Gasco is standing by and ready to perform work under this agreement at Consol's call.

(Countercl. Pl.'s Trial Ex. 8, ECF No. 264-17.)

On July 29, 2011, Consol emailed Gasco copies of the fully executed Addendum and Electronic Commerce Agreement that were stamp signed by Todd

M. Shumaker, as "General Manager - Contract & Project Management Consol Energy, Inc." (Countercl. Pl.'s Trial Ex. 11(b), ECF No. 264-25.)

Consol contends that the June 6 email resolves any ambiguity as to the meaning of the Addendum by showing that the "'date set forth above' language, is intended to apply to the term provision of the referenced 'Contract Purchase Order' and not to a new term starting on the effective date of the Addendum." (Mem. Supp. Mot. Summ. J. 14, ECF No. 331.)

In my opinion explaining my reasons for granting judgment in favor of Consol at trial, I discussed this issue in the context of mutual assent, as follows.

> [T]he June 6, 2011, email states that "[t]he purpose of the Addendum is to revise the Term of the Contract Purchase Order to have it extend automatically from year to year." This statement clarifies and reiterates that the "Term" provision in the Addendum, including the paragraph with the reference to the "date set forth above" language, is intended to apply to the term provision of the referenced "Contract Purchase Order" and not to a new term allegedly created on the effective date of the Addendum. It is also evidence that the Addendum's purpose was not to reinstate an expired contract, but only for the limited purpose of automatically extending the term of the referenced "Contract Purchase Order" on a yearly basis.

*Knox Energy, LLC*, 54 F. Supp. 3d at 499 (citations to record omitted). I determined that the June 6 email, together with other uncontested facts, established that "a reasonable person would have known that the Addendum was not intended to reinstate the 2008 Drilling Contract." *Id.* at 501.

The court of appeals disagreed. It found that the "mix in the evidence" required a jury determination of mutual assent. *Knox Energy, LLC*, 637 F. App'x at 739. It also held that my denial of Consol's Motion for Judgment on the Pleadings, which raised the "date set forth above" theory of impossibility of performance, was not error, in view of the "disputed issues of material fact sufficient for this case to proceed to a factfinder." *Id.* at 739 n.

In obedience to the mandate of the court of appeals, I must deny Consol's motion seeking summary judgment on this issue, as well as Gasco's motion in limine requesting the court to bar any argument as to Consol's interpretation of the Addendum's "date set forth above" language. Consol is entitled to argue its theory to the jury and because the court of appeals held that there were issues of fact for the jury as to this theory, Consol is not entitled to summary judgment on it.

II.

EVIDENCE ASIDE FROM COMMUNICATIONS
BETWEEN THE PARTIES.

Gasco asks me to limit the trial evidence and argument to communications between the parties prior to execution of the Addendum, arguing that only outward manifestations and expressions communicated between the parties are relevant to the issue of mutual assent. More specifically, Gasco urges me to exclude (1) evidence that the Addendum was commercially unreasonable, and (2) evidence of how other recipients of the Addendum responded to it.

It is true that courts in Virginia "ascertain whether a party assented to the terms of a contract from that party's words or acts, not from his or her unexpressed state of mind." *Phillips v. Mazyck*, 643 S.E.2d 172, 175 (Va. 2007). However, the Fourth Circuit stated that "[i]f Gasco knew or should have known that Consol made a mistake, we agree there was no mutual assent." *Knox Energy, LLC,* 637 F. App'x at 738. The evidence Gasco is seeking to exclude is evidence that would be probative of whether Gasco knew or should have known that Consol made a mistake. I cannot conclude at this time that all evidence aside from contemporaneous communications between the parties is irrelevant as a matter of law. I will deny Gasco's motion in limine as to this ground.

### III.

#### GASCO'S PRIVILEGE LOG.

At the first trial, Consol introduced a privilege log created by Gasco showing that "[b]etween June 13, 2011, and August 16, 2012, Gasco engaged in fourteen separate communications, including in-person meetings, email exchanges, and telephone conferences, with Gasco's attorney Bolling regarding the Addendum." *Knox Energy, LLC,* 54 F. Supp. 3d at 494 n.5. On appeal, the Fourth Circuit held that I did not "abuse discretion in allowing Consol to introduce Gasco's privilege log." *Knox Energy, LLC*, 637 F. App'x at 740. Gasco had argued to the court of appeals that the privilege log was irrelevant and prejudicial, but the Fourth Circuit

-10-

agreed with Consol that "the log rebuts Gasco's narrative that there was nothing unusual about the Addendum that would have alerted it to Consol's mistake." *Id.*

Gasco now contends that I should only permit Consol to introduce the privilege log if Gasco opens the door by offering testimony or argument that there was nothing unusual about the Addendum. Gasco argues that the Fourth Circuit only held the privilege log was proper *rebuttal* evidence, and if Gasco does not contend that the Addendum was out of the ordinary, then the privilege log would not serve to rebut anything.

I disagree. In order for Gasco to prevail at trial, it must prove that the parties mutually assented to the terms of the Addendum. Consol asserts that the Addendum was sent in error, and the key issue upon which this case turns is whether Gasco knew or should have known of Consol's mistake. Evidence that Gasco's CEO did not normally consult with the company's attorney regarding contract matters but sought advice of counsel repeatedly after receiving the Addendum is highly relevant to whether Gasco knew of Consol's mistake.

Consol need not wait for Gasco to open the door in order to introduce the privilege log. The prior testimony of Gasco's witness is a statement by a party opponent that is excluded from the rule against hearsay and can be admitted for the truth of the matter asserted. Fed. R. Evid. 801(d)(2). It may be admitted through

extrinsic evidence without giving the witness an opportunity to explain or deny it. Fed. R. Evid. 613(b). I again decline to exclude the privilege log.

IV.

EVIDENCE OF PROBLEMS EXPERIENCED
BY NOAH HORN DRILLING IN 2011.

Consol's drilling work was re-bid in December 2010 and awarded to Noah Horn Drilling ("Noah Horn"). Gasco was notified that it was not awarded the new contract. The Noah Horn contract was exclusive, but it did not include a take-or-pay provision, nor did it provide for any minimums.

In his deposition, Ratliff testified that "[a] guy that used to work for me was working on [Noah Horn's] rig, and, he was talking to some of the men that still worked for me, and, they . . . they were the ones that told me" that the "rig was having a lot of problems." (Knox Energy, LLC's & Consol Energy, Inc.'s Mots. in Lim. Ex. 6, ECF No. 328-6.) Gasco plans to offer this testimony to show that Ratliff had reason to believe that Consol might need Gasco's services, despite the fact that Consol had entered into a drilling contract with Noah Horn. Consol contends that this testimony should be excluded because it is hearsay within hearsay and not subject to a hearsay exception.

Hearsay is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). "Statements that are offered to prove the effect of the statement on the listener are

-12-

not offered for their truth and therefore do not fall within the definition of hearsay." *United States v. Martin*, No. 14-4779, 2016 WL 4928669, at *5 (4th Cir. Sept. 16, 2016) (unpublished).

Gasco would not offer the statement about Noah Horn's problems to prove the truth of the matter asserted. Whether Noah Horn was in fact having problems is irrelevant. Gasco seeks to offer this statement to show the effect it may have had on Ratliff. Under the Rules of Evidence, the statement is not hearsay; thus, it need not satisfy any hearsay exception. I will therefore deny Consol's motion to exclude this testimony.

V.

DAMAGES IN THE SECOND YEAR.

Gasco demands damages for two one-year terms following the execution of the Addendum. The Addendum states,

> the term of this agreement shall be for one year from the date set forth above and shall be automatically extended for one year terms unless either party gives written notice to the other party of the termination of the agreement at least thirty (30) days before the end of the current one year term.

(Counatercl. Pl.'s Trial Ex. 11(b), ECF No. 264-25.) The 2008 Drilling Contract contained the following provision:

> 24. NOTICES AND PLACE OF PAYMENT:
>
> Notices, reports, and other communications required or permitted by this Contract to be given or sent by one party to the other

-13-

> shall be delivered by hand, mailed, digitally transmitted or telecopied to the address hereinabove shown. All sums payable hereunder to Contractor shall be payable at its address hereinabove shown unless otherwise specified herein.

(Gasco Drilling, Inc.'s Mem. in Opp'n to Consol Energy, Inc.'s & Knox Energy, LLC's Mot. for Summ. J. Ex. 1 at ¶ 24, ECF No. 340-1.)

On January 3, 2012, Chris Ratliff, Gasco's Vice President of Drilling Operations, emailed Doug Clark, Consol's rig supervisor, to ask if Consol would be doing any drilling in the coming year and if so, when Consol planned to solicit bids for the drilling work. Clark responded that Consol would only be drilling thirteen wells that year, all of which would be in Virginia, and that it would be using Noah Horn. Chris Ratliff wished Consol good luck and asked Clark to let him know if a need arose with which Gasco could assist.

Consol contends that this email exchange gave Gasco notice that Consol would not be using Gasco's services in 2012. Therefore, according to Consol, even if the Addendum reinstated the 2008 Drilling Contract, the term did not automatically renew on June 13, 2012, and Gasco should not be permitted to recover damages for the second year following execution of the Addendum.

If the parties mutually assented to the Addendum's automatic renewal provision and the 2008 Drilling Contract's notices clause, there was no need for additional mutual assent to the 2012 renewal. Instead, to avoid an award of damages for the second year, Consol would be required to show that it gave proper

-14-

notice of termination. Whether the January 2012 email exchange between Chris Ratliff and Clark satisfied the termination notice requirements is a factual issue for the jury to resolve. I decline to rule in advance of trial that Gasco is not entitled to damages for the renewal term allegedly beginning on June 13, 2012.

VI.

OTHER ISSUES.

Consol has moved to preclude Gasco from selectively waiving its attorney-client privilege to explain the communications identified on the privilege log. Gasco has represented to the court that it does not intend to selectively waive its privilege. Therefore, I will deny as moot Consol's motion on this issue.

Consol also asks me to exclude Gasco from introducing Consol's gas leases. Gasco responds that it will only seek to introduce a chart produced in discovery that lists the names of Consol's lessors and the number of wells Consol was obligated to drill. In light of Gasco's representation, I will deny as moot Consol's motion on this issue.

Consol has also moved to preclude Gasco's fact witnesses from introducing Consol's SEC filings and disclosures concerning take-or-pay contracts or price hedging. I allowed this evidence at the first trial over Consol's objection. These documents are admissions by an opposing party under Rule 801(d)(2) and can be introduced without the testimony of any witness. I will again deny Consol's

motion on this issue. If Gasco asks a testifying witness to comment on the documents and Consol contends an adequate foundation has not been established, Consol can raise that objection at trial.

VII.

For the foregoing reasons, it is **ORDERED** as follows:

1. Gasco Drilling, Inc.'s Second Motion *in Limine* to Preclude Consol Energy Inc. and Knox Energy, LLC from Argument at Trial Concerning Their "Cut-and-Paste" Theory (ECF No. 325) is DENIED;

2. Knox Energy, LLC's and Consol Energy, Inc.'s Motions *in Limine* (ECF No. 328) are DENIED;

3. Knox Energy, LLC's and Consol Energy, Inc.'s Motion for Summary Judgment (ECF No. 330) is DENIED; and

4. Gasco Drilling, Inc.'s Third Motion in Limine (ECF No. 332) is DENIED.

ENTER: November 3, 2016

/s/ James P. Jones
United States District Judge