# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **KNOX ENERGY, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00046 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **GASCO DRILLING, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*J. Scott Sexton, H. David Gibson, Michael J. Finney, and Scott A. Stephenson, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Plaintiff and Counterclaim Defendants; Thomas R. Scott, Jr., Benjamin A. Street, and Jason D. Gallagher, Street Law Firm, LLP, Grundy, Virginia, for Defendant and Counterclaim Plaintiff.*

In this civil case in which a jury's verdict was upheld by the court of appeals, the prevailing party has filed an Amended Bill of Costs and the losing party has objected to the taxation of certain of those costs. For the following reasons, the Objections will be sustained in part and overruled in part.

I.

Following a jury verdict and entry of judgment in favor of Knox Energy, LLC, and Consol Energy, Inc. (collectively, "Consol"), Consol filed an Amended Bill of Costs in the total amount of $26,255.76. The losing party, Gasco Drilling, Inc. ("Gasco"), has objected to certain items included in the Amended Bill of Costs. I stayed resolution of the Amended Bill of Costs pending the court of

appeals' decision on Gasco's appeal. The court of appeals upheld the jury's verdict and my judgment in favor of Consol, *Knox Energy, LLC v. Gasco Drilling, Inc.*, No. 17-1878, 2018 WL 2944408 (4th Cir. June 11, 2018) (unpublished), issuing its mandate on July 3, 2018. I allowed Consol seven days from that date to file a response to the Objections and granted Gasco seven days thereafter to file any reply. Consol timely filed a response and Gasco did not file a reply; therefore, the Objections are ripe for decision.[1]

II.

Rule 54 of the Federal Rules of Civil Procedure mandates that costs other than attorneys' fees be allowed to the prevailing party, unless a statute, rule, or the court provides otherwise. Fed. R. Civ. P. 54(d)(1). This "rule creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Factors justifying the denial of an award of costs include misconduct by the prevailing party, the losing

---

[1] There was an earlier trial in this case, at which I entered judgment as a matter of law after Gasco's presentation of its evidence. Costs to Consol in the amount of $23,823.54 were taxed by the Clerk after that judgment. On appeal by Gasco, my rulings were affirmed in part, reversed in part, and the case remanded for a second jury trial. *Knox Energy, LLC v. Gasco Drilling, Inc.*, 637 F. App'x 735 (4th Cir. 2016) (unpublished). The costs taxed and paid before the remand were subsequently reimbursed by Consol to Gasco. Some of the costs taxed after the first trial are the same as sought now, but were not objected to by Gasco after the first trial. While Consol argues that Gasco has thus waived certain of its present Objections, I find that the waiver argument is unsupportable in light of the fact that the first judgment was reversed and the costs paid were reimbursed after that reversal.

party's inability to pay, excessiveness of the claimed costs, and the closeness of the issues presented. *Id.*

A federal statute "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *see* 28 U.S.C. § 1920. The allowable costs are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Gasco objects to Consol's request for the cost of a video deposition of Nino S. Ripepi because Consol also obtained a written transcript of the deposition, Ripepi did not testify, the video of his deposition was not introduced, and a video was unnecessary in light of the fact that Ripepi lived only two hours from the courthouse and was present at the courthouse during the second trial. Consol

argues that Gasco waived this objection because it paid this cost without objection following the first trial. Consol also asserts that the video was necessary because Ripepi "might have been called as a witness at trial, and counsel needed to study how he presented in his deposition for purposes of preparing for direct and cross examination." Consol's Resp. Supp. Bill of Costs 3, ECF No. 468.

The Fourth Circuit has held that the costs of obtaining videotaped depositions are generally allowed, but in order to recover the costs of both a video and a transcript, the prevailing party must show that both were necessarily obtained. *Cherry*, 186 F.3d at 448-49. "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." *Id.* at 449. Consol has not met its burden of demonstrating that both the transcript and the video of Ripepi's deposition were necessary. I find Gasco's waiver argument unsupportable in light of the remand after the first trial and Consol's repayment of the initial costs taxed. Therefore, I will sustain Gasco's objection to the video and will exclude the $225.00 charge for the DVD of Ripepi's deposition.

Gasco further objects to the cost of expedited delivery of the subpoena of Michael D. Jones, contending that this extra expense was incurred for the convenience of the lawyers rather than out of necessity. Consol again argues that Gasco waived this objection because it paid this cost without objection following

the first trial. It further asserts that expedited delivery was necessary because Jones was deposed just three days before the deadline for motions to exclude expert testimony and motions for summary judgment. I find that Consol has shown that the cost of expedited delivery was reasonably necessary at the time it was incurred, and therefore I will overrule Gasco's objection as to this charge.

Gasco next objects to a charge of $375.00 for delivery of deposition transcripts in electronic format in addition to hard copies. Once again, Consol argues that Gasco waived this objection because it paid this cost without objection following the first trial. Consol also asserts that it is commonplace for attorneys to receive electronic copies of transcripts and that presentation of deposition testimony at trial is much easier when the transcripts are in electronic format.

I have previously held that a defendant was not entitled to costs related to the production of electronic transcripts because they were obtained for the convenience of counsel rather than out of necessity. *Kennedy v. Joy Techs., Inc.*, 484 F. Supp. 2d 502, 504 (W.D. Va. 2007). Consol has not demonstrated that it was reasonably necessary to obtain both hard copies and electronic copies of deposition transcripts. I will therefore sustain Gasco's objection as to the charge of $375.00 for deposition transcripts in Microsoft Word format.

Gasco also objects to taxation of a third-party discovery vendor's charge for imaging, exporting, numbering, naming, saving, and delivering documents for

production in discovery. Gasco contends that services of this type are not properly taxed to a losing party. Consol again argues that Gasco waived this objection because it paid this cost without objection following the first trial.

Regarding the processing of electronic stored information for production in discovery, the Fourth Circuit has held that § 1920(4)'s reference to "making copies" covers only "converting electronic files to non-editable formats, and burning the files onto discs." *Country Vintner of N. C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 260 (4th Cir. 2013). The first line item on the vendor's invoice — "Image documents for from [sic] production for D. Gibson; export with production numbers and convert to PDF format; name documents and burn to CD for printing; coordinate FedEx delivery to D. Gibson" — can be said to fall within the definition of "making copies" set forth in *Country Vintner*. Am. Bill of Costs Ex. C, ECF No. 460-3. For that line item, the vendor charged $ 438.75. Gasco mistakenly stated in its Objections that Consol sought recovery of the full invoice amount of $ 1,316.49, but in reality, the Amended Bill of Costs lists only $ 438.75 as the taxable amount. I will overrule Gasco's objection regarding the third-party vendor's fee for preparing a CD-ROM for production of documents in discovery.

Next, Gasco objects to a charge for binders and dividers that were used for trial exhibit notebooks. Gasco argues that the cost of these materials is not taxable under § 1920. Other courts have taxed the cost of exhibit notebooks. *See, e.g.*,

*Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 814 (11th Cir. 2014) (unpublished); *Burke v. Mattis*, No. 1:16-CV-1256, 2018 WL 2717225, at *5 (E.D. Va. June 4, 2018). I will overrule Gasco's objection to these charges.

Finally, Gasco objects to a fee for service of a subpoena on C.R. Bolling, who was Gasco's attorney until shortly before the first trial. Gasco asserts that Bolling's presence at trial was unnecessary because his testimony would have been barred by the attorney-client privilege and Consol never attempted to call Bolling as a witness. Gasco also notes that $85.00 of the service fee was for same-day rush service and rural service, which it argues were unnecessary. Consol replies only that it subpoenaed Bolling out of an abundance of caution. I agree with Gasco that Bolling's presence at the trial was unnecessary and will sustain the objection as to the $180.00 service charge.

### III.

For the foregoing reasons, Gasco's objections are SUSTAINED in part and OVERRULED in part. Accordingly, Consol's Amended Bill of Costs, ECF No. 460, is GRANTED in part and DENIED in part, and Consol shall be allowed costs in the amount of $ 25,475.76.

It is so **ORDERED**.

ENTER: July 30, 2018

/s/ *James P. Jones*
United States District Judge